MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>   Plaintiff,<br>v.<br>Samuel Rappylee Bateman,<br>   Defendant/Movant. | No. CV-25-08118-PCT-SMB (ESW)<br>CR-22-08092-PCT-SMB<br>**ORDER** |

On June 12, 2025, Movant Samuel Rappylee Bateman, who was then confined in the United States Penitentiary (USP)-Victorville in Adelanto, California, filed a pro se Motion to Vacate and/or Set Aside Sentence and Conviction under 28 U.S.C. § 2255 and a Motion for Summons and Service. In a June 23, 2025 Order, the Court denied the § 2255 Motion without prejudice and denied the Motion for Summons and Service as moot. The Court gave Movant 30 days to file an amended § 2255 motion. On June 24, 2025, Movant filed an Amended § 2255 Motion.

On July 8, 2025, the Court's June 23, 2025 Order was returned as undeliverable. On July 22, 2025, a Notice of Assignment that had been sent to Movant was returned in the same fashion. On August 13, 2025, a Motion for Preliminary Injunction was filed on Movant's behalf by a non-attorney, Maria Bistline.

In an August 26, 2025 Order, the Court struck the Motion for Preliminary Injunction and gave Movant 30 days to show cause why this action should not be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. On September 10,

JDDL

1  2025, Movant filed a Motion for Federal Injunction (Doc. 14) and a Response to the Order
2  to Show Cause (Doc. 15).

**I.  Response to Order to Show Cause**

In his Response to the Order to Show Cause, Movant states that he did not intend to abandon this action and lists a new mailing address: P.O. Box 2183, Colorado City, Arizona 86021. Movant requests that the Order to Show Cause be discharged and that this action be allowed to proceed.

Movant's address of record must reflect the institution where he is currently confined, not a post office box or general delivery address. Accordingly, the Court will give Movant 30 days to file a Notice of Change of Address listing the institution where he is currently confined. Once Movant has provided his current <u>institutional</u> address, the Court will proceed to screen the Amended § 2255 Motion. If Movant fails to provide a proper address within 30 days, this action will be dismissed for failure to comply with a Court order.

**II.  Motion for Federal Injunction**

In his Motion for Federal Injunction, Movant seeks an order enjoining non-parties Netflix and Ark Media from "producing, publishing, or distributing any documentary or related media concerning [Movant] and his family until further order of the Court." According to Movant, the publication of private information pertaining to his crime would expose him and his family to irreparable harm in the form of "public ridicule, harassment, and potential hate crimes."

A request for injunctive relief must pertain to the claims raised in a movant's underlying pleading. *See Johnston v. Colbert*, No. CV220260TUCSHREJM, 2023 WL 9510557, at *9 (D. Ariz. Aug. 15, 2023) (denying § 2241 petitioner's motion for injunctive relief because it was "unrelated to his habeas petition and d[id] not challenge either the duration or validity of his conviction or sentence"), *report and recommendation adopted*, 2024 WL 418123 (D. Ariz. Feb. 5, 2024), *aff'd*, No. 24-850, 2024 WL 4903725 (9th Cir. Nov. 27, 2024); *cf. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631,

633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). The nature of relief available is not unlimited—"[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Movant's request for injunctive relief does not pertain to the duration or validity of his sentence and the entities he seeks to enjoin are not parties to this action. The Motion for Federal Injunction will therefore be denied.

**III. Warnings**

**A. Address Changes**

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Possible Dismissal**

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The August 26, 2025 Order to Show Cause (Doc. 11) is **discharged**.

(2) Movant's Motion for Federal Injunction (Doc. 14) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

JDDL

(3) Movant has **30 days** from the filing date of this Order to file a Notice of Change of Address listing the institution where he is currently confined.

(4) If Movant fails to file a Notice of Change of Address listing the institution where he is currently confined within 30 days, the Clerk of Court must, without further notice, terminate Document 1021 in CR-22-08092-PCT-SMB and enter a judgment of dismissal of the civil action opened in connection with this § 2255 action (CV-25-08118-PCT-SMB (ESW)), without prejudice, and deny any pending unrelated motions as moot.

Dated this 18th day of September, 2025.

Honorable Susan M. Brnovich
United States District Judge

JDDL